# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:09-00176

DANIEL K. LEGGETTE
    also known as "Boo Bam"

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Daniel K. Leggette's Motion for Reduction of Sentence under the First Step Act of 2018. *Mot. for Reduction of Sentence*, ECF No. 137. For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

On January 5, 2010, Defendant pleaded guilty to possession with the intent to distribute five grams or more of cocaine base, or "crack," in violation of 21 U.S.C. § 841(a)(1). *Eligibility Mem.*, ECF No. 141, at 1. Several months later, on April 13, 2010, this Court sentenced Defendant to 188 months imprisonment and four years of supervised release. *Id.* Defendant is presently incarcerated at FCI Butner, with a projected release date of July 19, 2022. *Id.*

On January 17, 2019, Defendant filed a Motion for Reduction of Sentence pursuant to the recently-enacted First Step Act. *See Mot. for Reduction of Sentence.* Per the Court's Standing Order, the Office of the Federal Public Defender was appointed to determine whether Defendant was qualified to seek a reduction in his sentence. *See Standing Order*, ECF No. 138. On March 19, 2019, Defendant's counsel filed a memorandum concluding that Defendant was eligible for a reduced sentence under the First Step Act. *Eligibility Mem,* at 1. On April 10, 2019, the United States filed a

Response indicating that it also believed that Defendant qualified for a reduced sentence. *Resp.*, ECF No. 143, at 8. The Court considers Defendant's motion below.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," which triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible for a reduction in sentence, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[1] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* While a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.* The First Step Act therefore represents a broad grant of authority to the federal courts.

---

[1] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

Courts in this district and throughout the Fourth Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b).[2] *United States v. Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *4 (E.D. Va. July 11, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

However, courts are not limited by § 3582(c)(1)(B). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. *The First Step Act,* § 404(b). Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Therefore, the First Step Act grants courts statutory authority to conduct a full resentencing, in addition to the discretion to decide when doing so is appropriate. *See Wright*, 2019 WL 3046096, at *4. Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing. *See id.* at *5. It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.

When considering the statutory authority under the First Step Act, federal courts presume

---

[2] The U.S. Attorney's Office for the Southern District of West Virginia contends that the appropriate mechanism is 18 U.S.C. §3582(c)(2). This cannot be the case, as § 3582(c)(2) permits reductions when the Sentencing Commission has reduced the sentencing range subsequent to a defendant's sentencing. Here, the sentencing changes are not the result of the Commission's revisions, but Congress's enactment of a new statute. *See United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. April 15, 2019).

Congress acts in the context of relevant case law. *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000). The Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *United States v. Booker*, which held that mandatory guideline ranges are unconstitutional. 543 U.S. 220, 244–45 (2005). While *Booker* is not retroactively applied on a collateral attack, a court may now vary outside of the guideline range if it chooses to conduct a full resentencing. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This includes variances based on policy disagreements with the Sentencing Guidelines. *See Kimbrough v. U.S.*, 552 U.S. 85 (2007).

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See U.S. v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter.). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99 (2013). In the context of First Step Act cases, this is true whether a court is conducting a full resentencing or not. *See, e.g.*, *United States v. Smith*, 379 F.Supp.3d 543, 546–47 (W.D. Va. May 13, 2019). Due to the constitutional considerations, this Court—along with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United*

States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

### III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

Here, Defendant was charged with possession with the intent to distribute five grams or more of cocaine base; as such, he is subject to the statutory sentencing provisions outlined in 21 U.S.C. § 841(b)(1)(C). That not less than 150 grams of cocaine base were attributed to Defendant for sentencing purposes is irrelevant to this analysis. *See Alleyne*, 570 U.S. at 102. This reasoning is consistent with that employed by other courts in this circuit. *See, e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543 (W.D. Va. 2019); *United States v. Springs*, No. 3:05-cr-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. Jul. 23, 2019).

The maximum statutory penalty under § 841(b)(1)(C) is twenty years imprisonment and at least three years of supervised release. Under the United States Sentencing Guidelines, this lower statutory maximum results in a total offense level of 29—two points lower than Defendant's original total offense level. With a total offense level of 29 and a criminal history category of VI, Defendant's amended guideline range is 151 to 188 months imprisonment. Defendant moves for a sentence of time served—which, in any case, would be "at or near the bottom of the newly calculated Guideline range"—and the United States "submits that . . . the appropriate modified sentence is a reduction to a within-guideline sentence." *Eligibility Mem.*, at 4; *Resp.*, at 8.

Based on the issues present in the case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the revised guideline range, the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court imposes a reduced sentence of 151 months of imprisonment, but not less than time served, to be followed by three years of supervised release. This Order in no way alters any other aspect of the Court's previous judgment in this case.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to reduce sentence under the First Step Act, ECF No. 137, and **ORDERS** the defendant's sentence be **REDUCED** to 151 months of imprisonment, but not less than time served, and three years of supervised release. The Court further **ORDERS** any good time credit and the revised release date be calculated within **seven days** of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: October 25, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE